# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| FAHRIDA KURNIAWATI,<br><br>*Plaintiff*,<br><br>v.<br><br>THE BOEING COMPANY, a corporation, THE UNITED STATES OF AMERICA and its subordinate agencies THE DEPARTMENT OF TRANSPORTATION and THE FEDERAL AVIATION ADMINISTRATION, ROCKWELL COLLINS, INC. n/k/a/ COLLINS AEROSPACE, a corporation, ROSEMOUNT AEROSPACE, INC., a corporation, XTRA AEROSPACE, LLC, a limited liability company.<br><br>*Defendants*. | In re: Lion Air Flight JT 610 crash<br><br>19-cv-00797<br>Consolidated with<br>**18-cv-07686**<br><br><br>**JURY TRIAL DEMANDED**<br><br><br>Honorable Thomas M. Durkin |

## UNOPPOSED MOTION FOR DISMISSAL OF PLAINTIFF'S CLAIMS WITH PREJUDICE AND APPROVAL OF MINOR SETTLEMENTS

Plaintiff, Fahrida Kurniawati, as personal representative of the Estate of Harvino, Deceased, individually, and as next friend for her minor children K.D.Z., R.Y.A., and K.A.Z, by their undersigned attorneys, moves this Court for an order approving the settlement with Defendant, The Boeing Company, of claims relating to the death of Harvino ("Decedent"), and in support thereof states as follows:

## FACTS

1. Decedent was the co-pilot on board a Boeing 737 MAX 8 aircraft, registered as PK-LQP ("Subject Aircraft") and operated by PT Lion Mentari Airlines as Lion Air Flight JT 610 en route from Jakarta, Indonesia to Pangkal Pinang, Indonesia on October 29, 2018.

2. Flight JT 610 crashed into the Java Sea off the coast of Jakarta shortly after takeoff, killing all 189 persons aboard the airplane, including Decedent.

3. Plaintiff has asserted wrongful death and survival actions arising out of the death of Decedent in the crash of Flight JT 610 and on behalf of all heirs of Decedent. Those heirs include Farida Kurniawati, Decedent's spouse, and Decedent's three minor children: K.D.Z, aged 10; R.Y.A., aged 9 and K.A.Z, aged 4.

4. The undersigned counsel for Plaintiff is an independent attorney who represents the interests of Plaintiff's and Decedent's heirs, including the minor heirs, who has investigated, and is familiar with, the facts of this matter, including Plaintiff's claims, damages, Defendant's defenses and positions, certain legal authorities, and evidence pertaining thereto. Plaintiff's counsel may adequately investigate and evaluate these aspects of the matter on behalf of K.D.Z., R.Y.A. and K.A.Z. because they are members of the same family who have suffered similar damages and whose claims and interests do not conflict with one another.

## PLAINTIFF'S ALLEGATIONS

5. Plaintiff filed a complaint based on products liability and negligence against Boeing and others.

6. Plaintiff alleges that Boeing designed, manufactured, assembled, and sold the Subject Aircraft. Plaintiff also alleges that: (1) Rockwell Collins, Inc. designed manufactured and tested the flight control computers and software for the Subject Aircraft; (2) Rosemount

2

Aerospace, Inc. designed manufactured and tested the angle of attack sensors for the subject aircraft; Xtra Aerospace .L.L.C. repaired, calibrated and overhauled the angle of attack sensors of the Subject Aircraft, and the United States through its respective agencies, the Department of Transportation and the Federal Aviation Agency, inspected and monitored the Subject Aircraft.

7. Plaintiff alleges that the Subject Aircraft was defective.

8. Plaintiff alleges that as the direct and proximate result of the alleged defective condition, the Subject Aircraft crashed into the Java Sea off the coast of Jakarta, Indonesia, resulting in the death of Decedent.

9. Plaintiff alleges as a direct and proximate result of the alleged defective condition of the Subject Aircraft, Decedent's heirs and next of kin have suffered loss of support, loss of net accumulations, loss of household services, loss of care, comfort, companionship, guidance, and society and mental anguish, sorrow and grief as the result of the death of Decedent.

### PLAINTIFF'S DAMAGES

10. Decedent Harvino was 41 years old. Decedent was a copilot for Lion Air at the time of his death.

11. The Decedent is survived by the following heirs.

    a. Wife: Fahrida Kurniawati;

    b. Minor daughter: K.D.Z., aged 10;

    c. Minor son: R.Y.A., aged 9 and,

    d. Minor son: K.A.Z., aged 4.

### DEFENDANT'S POSITION AND DEFENSES

12. Defendant Boeing denies that the Subject Aircraft was defective and further denies that any act or omission by it proximately caused this crash.

**SETTLEMENT AGREEMENT**

13. Counsel for Plaintiff and counsel for Boeing engaged in a mediation before retired Cook County Circuit Court Chief Judge O'Connell and have reached an agreement to settle the claims of Plaintiff against all Defendants.

14. As a condition of the settlement, Plaintiff has agreed to keep the amount of the settlement confidential. A sealed declaration providing the terms of the settlement has been provided to the Court separately.

15. In negotiating this settlement, Plaintiff's counsel considered the strength of Plaintiff's action against Defendants and their asserted defenses, including the potential merit of Boeing's position in an anticipated *forum non conveniens* motion to dismiss Plaintiff's claims.

16. Plaintiff's counsel believes the settlement amount is fair and reasonable under all the above-stated considerations, including the minors' damages, as a result of their minor status, and their incapacity in general.

17. The mediator Judge O'Connell has a great deal of experience as a judge in aviation matters and he also believes this is a reasonable settlement.

18. Plaintiff's counsel has fully explained all the above facts to Plaintiff, and Plaintiff agrees that the settlement amount is fair and reasonable, and Plaintiff seeks the Court's approval of this settlement.

WHEREFORE, the Parties pray that this Court enter an Order:

a. Finding the undersigned Terrence Buehler is an independent attorney representing the interests of the minors K.D.Z., R.Y.A., and K.A.Z., and who is competent to represent the interests of the minor beneficiaries and next of kin that are members of the same family;

b. Approving on behalf of the minors K.D.Z., R.Y.A., and K.A.Z., the settlement of the claims of Plaintiff against all Defendants;

c. Dismissing this action with prejudice and without costs against all Defendants and retaining jurisdiction to effectuate settlement; and,

d. Providing Plaintiff with other relief as this Court may deem just.

Dated: March 16, 2021  Respectfully submitted,

By: /s/ Terrence Buehler

Terrence Buehler
LAW OFFICE OF TERRENCE BUEHLER
19 S. La Salle Street Suite 702
Chicago, Il. 60603
(312) 371-4385
tbuehler@tbuehlerlaw.com

*Counsel for Plaintiff*

e. Providing Plaintiff with other relief as this Court may deem just.

Dated: March 15, 2021            Respectfully submitted,

By: /s/ Terrence Buehler

Terrence Buehler
LAW OFFICE OF TERRENCE BUEHLER
19 S. La Salle Street Suite 702
Chicago, Il. 60603
(312) 371-4385
tbuehler@tbuehlerlaw.com

*Counsel for Plaintiff*